UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re: DONALD P. DIGIACOMO,<br>　　　Debtor | Chapter 13<br>No. 21-11156-FJB |
| M.C.E. DIRTWORKS INC.<br>　　　Plaintiff<br><br>v.<br><br>DONALD P. DIGIACOMO<br>　　　Defendant | Adversary Proceeding No. _____ |

**ADVERSARY COMPLAINT FOR DETERMINATION OF NONDISCHARGEABILITY UNDER 11 U.S.C. §§ 1328(a)(2) AND 523(a)(2)(A), UNDER 11 U.S.C. §§ 1328(a)(2) AND 523(a)(4), AND UNDER 11 U.S.C. §§ 1328(c)(2) AND 523(a)(6)**

**Parties**

1.　The Plaintiff, M.C.E. Dirtworks Inc. (hereinafter "MCE") is a Massachusetts corporation with its usual place of business at 15 Denwich Road, Harwich, Massachusetts.

2.　The Defendant, Donald P. DiGiacomo, is an individual residing at 27 Popple Bottom Road, Sandwich, MA 02563.

3.　Until approximately September 2, 2021, and at all relevant times prior thereto, Mr. DiGiacomo was employed as General Manager of MCE.

**Jurisdiction**

4.　On August 11, 2021, the Defendant filed a voluntary petition (the "Petition") for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Massachusetts.

5.　This Complaint is timely because the deadline to file a Complaint to challenge the dischargeability of a debt is November 15, 2021.

6. Plaintiff filed Claim #7-1 timely on October 14, 2021. Claim #7-1 is incorporated herein by reference.

7. This is an adversary proceeding in which the Plaintiff is seeking a determination as to the dischargeability of the debt owed by the Defendant to Plaintiff under (i) 11 U.S.C. §§ 1328(a)(2) and 523(a)(2)(A), (ii) 11 U.S.C. §§ 1328(a)(2) and 523(a)(4), and (iii) 11 U.S.C. §§ 1328(c)(2) and 523(a)(6).

8. This Adversary Proceeding is authorized by Fed. R. Bankr. P. 7001(1): a proceeding to recover money; (4) a proceeding to object to or revoke a discharge; and/or, (6) a proceeding to determine the dischargeability of a debt.

9. Pursuant to 28 U.S.C. § 157(b)(1) and (b)(2)(I), this is a core proceeding and this Court has authority to enter final judgment on this matter.

## Facts

### *Unauthorized Credit Card Charges*

10. As General Manager of MCE, Mr. DiGiacomo had access to the MCE company credit card.

11. As General Manager, Mr. DiGiacomo occupied a position of trust and confidence.

12. Mr. DiGiacomo owed MCE fiduciary duties and a duty of loyalty.

13. The MCE company credit card was to be used to purchase only specific items and materials necessary for prosecution of MCE projects or for the benefit of MCE. DiGiacomo was not authorized to make personal expenditures on the company card without notice to MCE and reimbursement of MCE for those charges.

14. In or around January 2019, MCE discovered Mr. DiGiacomo had used the company credit card in 2017 and 2018 to make personal charges, without reporting those charges to MCE or reimbursing MCE for those charges.

15. In or around January 2019, Mr. DiGiacomo promised to reimburse MCE for the unauthorized charges via monthly payment.

16. In August of 2021, MCE discovered that Mr. DiGiacomo's practice of making unauthorized personal charges with the company card, failing to report those charges, and failing to reimburse MCE for those charges had not ceased, and had continued notwithstanding MCE making it clear in 2019 that this practice was unacceptable and not authorized.

17. In total, Mr. DiGiacomo made $8,857.83 worth of unauthorized purchases on the company credit card from 2017 through 2021 that have not been reimbursed to MCE.

*Unrepaid Employee Loans*

18. Mr. DiGiacomo requested loans from MCE on multiple occasions.

19. On or about April 3, 2017, MCE provided an employee loan to Mr. DiGiacomo in the amount of $1,000.00.

20. On or about October 9, 2018, MCE provided an employee loan to Mr. DiGiacomo in the amount of $1,600.00.

21. On or about December 13, 2019, MCE provided an employee loan to Mr. DiGiacomo in the amount of $3,915.55.

22. On or about January 30, 2019, MCE provided an employee loan to Mr. DiGiacomo in the amount of $3,500.00.

23. On or about June 1, 2020, MCE provided an employee loan to Mr. DiGiacomo in the amount of $250.00.

24. On or about February 4, 2021, MCE provided an employee loan to Mr. DiGiacomo in the amount of $5,000.00.

25. In total, MCE loaned Mr. DiGiacomo $15,265.55.

26. To date, Mr. DiGiacomo has only paid $5,700.00 on the employee loans from his wages.

27. To date, Mr. DiGiacomo still owes MCE $9,565.55 on account of the employee loans.

*Misappropriation of MCE Resources*

28. As General Manager of MCE, Mr. DiGiacomo had access to MCE's customers, vendors, and suppliers, and was charged with hiring subcontractors and placing orders and purchases for projects.

29. Upon information and belief, Mr. DiGiacomo placed orders for materials and supplies purportedly for MCE projects, and knowingly and intentionally had materials or supplies diverted for Mr. DiGiacomo's own purposes, or purposes which did not benefit MCE.

30. In one instance known to MCE, Mr. DiGiacomo had an MCE subcontractor install a walkway, fire pit and patio at Mr. DiGiacomo's residence and directed or permitted the subcontractor to invoice MCE for the work. That subcontractor invoiced MCE approximately $3,000.00 for that work. Mr. DiGiacomo reportedly made a payment of $1,500.00 to that subcontractor in October of 2021, leaving a $1,500.00 balance remaining.

31. MCE has complied with all conditions precedent to the maintenance of this action.

32. MCE has brought this action to seek a Judgment on state law claims for amounts due to MCE, and to seek a determination that the amounts claimed hereunder are nondischargeable in Mr. DiGiacomo's bankruptcy proceeding(s).

**Count I – Money Had and Received**

33. The Plaintiff hereby repeats and realleges all previous paragraphs of the Complaint as if set out in full herein.

34. MCE has had, at all relevant times, an ownership and/or possessory interest in the funds or credit used by Mr. DiGiacomo to make unauthorized, personal purchases on the company credit card.

35. Mr. DiGiacomo received substantial, direct economic benefit from the purchases made on the company credit card.

36. Mr. DiGiacomo has been unjustly enriched at MCE's expense in the amount of $8,857.83.

37. MCE has been damaged as a consequence of this wrongful conduct.

38. MCE is entitled to be made whole on account of the matters as complained of herein.

WHEREFORE the Plaintiff, M.C.E. Dirtworks Inc., demands judgment against the Defendant, Donald P. DiGiacomo, in an amount to be determined by this Court, plus interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

### Count II – Unjust Enrichment

39. The Plaintiff hereby repeats and realleges all previous paragraphs of the Complaint as if set out in full herein.

40. Mr. DiGiacomo made unauthorized, personal purchases on MCE's company credit card.

41. Mr. DiGiacomo took out employee loans from MCE.

42. Mr. DiGiacomo received substantial, direct economic benefit at the expense of MCE.

43. Mr. DiGiacomo has been unjustly enriched at MCE's expense in the amount of $18,423.38.

44. MCE has been damaged as a consequence of this wrongful conduct.

45. MCE is entitled to be made whole on account of the matters as complained of herein.

WHEREFORE the Plaintiff, M.C.E. Dirtworks Inc., demands judgment against the Defendant, Donald P. DiGiacomo, in an amount to be determined by this Court, plus interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

## Count III – Breach of Contract

46. The Plaintiff hereby repeats and realleges all previous paragraphs of the Complaint as if set out in full herein.

47. MCE entered into an express or implied agreement with Mr. DiGiacomo for employment.

48. MCE provided money to Mr. DiGiacomo, at the request of Mr. DiGiacomo as an employee loan.

49. MCE provided the money to Mr. DiGiacomo with the agreed upon expectation that it would be repaid via paycheck deductions.

50. Upon information and belief, Mr. DiGiacomo took the employee loans knowing that he would separate from employment and render MCE unable to be repaid via paycheck deduction.

51. In total, MCE loaned Mr. DiGiacomo $15,265.55.

52. To date, Mr. DiGiacomo has only paid $5,700.00 on the employee loans from his wages.

53. To date, Mr. DiGiacomo owes $9,565.55 on the employee loans.

54. MCE has been damaged as a consequence of this wrongful conduct.

55. MCE is entitled to be made whole on account of the matters as complained of herein.

WHEREFORE the Plaintiff, M.C.E. Dirtworks Inc., demands judgment against the Defendant, Donald P. DiGiacomo, in an amount to be determined by this Court, plus interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

### Count IV – Breach of Fiduciary Duty and Breach of Duty of Loyalty

56. The Plaintiff hereby repeats and realleges all previous paragraphs of the Complaint as if set out in full herein.

57. MCE entered into an express or implied employment agreement with Mr. DiGiacomo.

58. Mr. DiGiacomo, having occupied a position of trust and confidence, with access to MCE's charge card and having been authorized to place order for supplies and materials, and enter contracts with subcontractors on behalf of MCE, owed MCE a fiduciary duty.

59. Mr. DiGiacomo's owed MCE a duty of loyalty.

60. Mr. DiGiacomo breached said duties when he used MCE's company credit card for personal purchases and, upon information and belief, misappropriated materials, supplies, and services at MCE's expense and for the benefit of Mr. DiGiacomo or his friends or family, without notice or reimbursement to MCE.

61. In total, Mr. DiGiacomo made $8,438.98 worth of unreimbursed purchases on the company credit card.

62. Mr. DiGiacomo misappropriated at least $1,500.00 in subcontractor services at MCE's expense.

63. MCE has been damaged as a consequence of this wrongful conduct.

64. MCE is entitled to be made whole on account of the matters as complained of herein.

WHEREFORE the Plaintiff, M.C.E. Dirtworks Inc., demands judgment against the Defendant, Donald P. DiGiacomo, in an amount to be determined by this Court, plus interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

### Count V – Breach of the Covenant of Good Faith and Fair Dealing

65. The Plaintiff hereby repeats and realleges all previous paragraphs of the Complaint as if set out in full herein.

66. Every contract governed by Massachusetts law, including Mr. DiGiacomo's express or implied employment contract with MCE, contains an implied Covenant of Good Faith and Fair Dealing.

67. Mr. DiGiacomo, by his conduct as set forth above, has sought to wrongfully deprive MCE of the benefit and fruits of the parties' contractual bargain.

68. Such conduct by Mr. DiGiacomo is a breach of the Covenant of Good Faith and Fair Dealing.

69. MCE has been damaged as a consequence of this wrongful conduct.

70. MCE is entitled to be made whole on account of the matters as complained of herein.

WHEREFORE the Plaintiff, M.C.E. Dirtworks Inc., demands judgment against the Defendant, Donald P. DiGiacomo, in an amount to be determined by this Court, plus interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

### Count VI – Conversion

71. The Plaintiff hereby repeats and realleges all previous paragraphs of the Complaint as if set out in full herein.

72. Mr. DiGiacomo intentionally exercised control and possession over MCE's resources, including but not limited MCE's credit card and supplies, materials, and services purportedly ordered for MCE projects.

73. Mr. DiGiacomo had no right to possess and use the company credit card or the company's resources in the manner in which he did.

74. MCE has been damaged as a consequence of this wrongful conduct.

75. MCE is entitled to be made whole on account of the matters as complained of herein.

WHEREFORE the Plaintiff, M.C.E. Dirtworks Inc., demands judgment against the Defendant, Donald P. DiGiacomo, in an amount to be determined by this Court, plus interest, costs, attorney's fees, and such other relief as this Court may deem appropriate.

## Count VII
### Nondischargeability under 11 U.S.C. §§ 1328(a)(2) and 523(a)(2)(A)

76. The Plaintiff hereby repeats and realleges all previous paragraphs of the Complaint as if set out in full herein.

77. The Bankruptcy Code, particularly 11 U.S.C. §§ 1328(a)(2) and 523(a)(2)(A), prohibits discharge of debt under 11 U.S.C. §§ 1328(a) for any debt for money to the extent it was obtained by false pretenses, a false representation, or fraud.

78. The Defendant's debts incurred to Plaintiff resulting from Plaintiff's claims set forth herein are nondischargeable, as the debts were incurred as a result of money or property obtained by false pretenses, a false representation, or fraud.

WHEREFORE, Plaintiff-Claimant respectfully request that this Court enter a Judgment determining that the portion of the debt owed to it by Debtor for conversion, civil theft, misappropriation of trade secrets, or computer crimes is nondischargeable under sections 11

U.S.C. §§ 1328(a)(2) and 523(a)(2)(A) of the Bankruptcy Code, and grant any other relief this Court deems appropriate.

## Count VIII
### Nondischargeability under 11 U.S.C. §§ 1328(a)(2) and 523(a)(4)

79.     The Plaintiff hereby repeats and realleges all previous paragraphs of the Complaint as if set out in full herein.

80.     The Bankruptcy Code, particularly 11 U.S.C. §§ 1328(a)(2) and 523(a)(4), prohibits discharge of debt under 11 U.S.C. §§ 1328(a) for any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

81.     The Defendant's debts incurred to Plaintiff resulting from Plaintiff's claims set forth herein are nondischargeable, as the debts were incurred as a result of fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

WHEREFORE, Plaintiff-Claimant respectfully request that this Court enter a Judgment determining that the portion of the debt owed to it by Debtor for conversion, civil theft, misappropriation of trade secrets, or computer crimes is nondischargeable under sections 11 U.S.C. §§ 1328(a)(2) and 523(a)(4) of the Bankruptcy Code, and grant any other relief this Court deems appropriate.

## Count IX
### Nondischargeability under 11 U.S.C. §§ 1328(c)(2) and 523(a)(6)

82.     The Plaintiff hereby repeats and realleges all previous paragraphs of the Complaint as if set out in full herein.

83.     The Bankruptcy Code, particularly 11 U.S.C. §§ 1328(c)(2) and 523(a)(6), prohibits discharge of debt under 11 U.S.C. § 1328(b) for any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

84. The Defendant's debts incurred to Plaintiff resulting from Plaintiff's claims as set forth herein are nondischargeable, as the debts were incurred as a result of willful and malicious injury by the Defendant to Plaintiff or to their property.

WHEREFORE, Plaintiff-Claimant respectfully request that this Court enter a Judgment determining that the portion of the debt owed to it by Debtor for conversion, civil theft, misappropriation of trade secrets, or computer crimes is nondischargeable under sections 11 U.S.C. §§ 1328(c)(2) and 523(a)(6) of the Bankruptcy Code, and grant any other relief this Court deems appropriate.

                              Respectfully submitted by,
                              The Plaintiff,
                              M.C.E. DIRTWORKS, INC.
                              By its Attorneys,

                              /s/ Scott K. Semple
Date: November 15, 2021        Scott K. Semple, Esq. BBO #673229
                              Lawrence A. Wind, Esq. BBO #675704
                              Davagian Grillo & Semple LLP
                              365 Boston Post Road, Suite 200
                              Sudbury, MA 01776
                              (978) 443-3773 (office)
                              (978) 443-7773 (facsimile)
                              jgrillo@dgslawllp.com
                              LawWind@DGSLawLLP.com